**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CHERYL FUNK**                                                                                              **PLAINTIFF**

**v.**                                                      **4:08-CV-00132-WRW**

**LABOR READY, INC., et. al**                                                                        **DEFENDANTS**

## ORDER

Pending is Defendants' Motion for Summary Judgment (Doc. No. 27). Plaintiff has responded.[1]

Plaintiff brought this action seeking relief for alleged sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Arkansas Civil Rights Act ("ARCA"), and the Family Medical Leave Act ("FMLA"). Defendants contend that there are no genuine issues of material fact. For the reasons set out below, Defendants' Motion for Summary Judgment is GRANTED.

**I.     BACKGROUND**

The facts of this case are paraphrased below based on Defendants' Undisputed Statement of Material Facts[2]:

On April 12, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Her charge alleged "I was treated

---

[1] Doc. No. 30.

[2] Doc. No. 30; Plaintiff filed a Response to Defendants' Statement of Facts (Doc. No. 32) and only disputed Fact No. 7. She states "Plaintiff admits she did not provide the information about her current lawsuit against Defendants, but asserts her failure to provide the information was inadvertent."

differently, paid differently, and fired because of my gender and because I complained of sex discrimination. . ."[3]

October 19, 2007, Plaintiff filed her Complaint in the Circuit Court of Pulaski County asserting claims of sex discrimination and harassment pursuant to the ARCA and referencing her FMLA leave.[4] This action was removed to this Court on February 11, 2008.[5]

On February 25, 2008, Plaintiff and her husband filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Arkansas.[6]

When asked to disclose to the bankruptcy court her "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and rights to set off claims," Plaintiff answered "NONE."[7]

Plaintiff declared to the Bankruptcy Court under penalty of perjury that she had read the schedules, and that they were true and correct to the best of her knowledge, information and belief.[8]

On February 25, 2008, Plaintiff also submitted under oath a Statement of Financial Affairs to the Bankruptcy Court. In the Statement of Financial Affairs, Plaintiff was required to disclose to the bankruptcy court all suits and administrative proceedings to which Plaintiff was a party within one year preceding the filing of her bankruptcy case.[9]

Plaintiff amended her Schedules of Current Income and Current Expenses but did not amend her Schedule B-Personal Property or her Statement of Financial Affairs to reflect her administrative charge of discrimination or the present lawsuit.[10]

---

[3]Doc. No. 28 (Exhibit "A").

[4]Doc. No. 28 (Exhibit "B").

[5]Doc. No. 1.

[6]Doc. No. 28 (Exhibit "C").

[7]*Id.* (Exhibit "D").

[8]*Id.* (Exhibit "E").

[9]*Id.* (Exhibit "F").

[10]*Id.* (Exhibit "K").

On July 17, 2008, the EEOC issued a Notice of Right to Sue, giving Plaintifff leave to file her Title VII claims. Plaintiff's Chapter 13 Bankruptcy Plan was confirmed on July 22, 2008.[11]

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[12] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[13]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[14] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[15]  I must view the facts in the light most favorable to the party opposing the motion.[16] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is

---

[11]*Id.* (Exhibit "M").

[12]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[13]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[14]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[15]*Id.* at 728.

[16]*Id.* at 727-28.

then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[17]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[18]

## III.   DISCUSSION

Defendants contend that Plaintiff's claims are barred under a judicial estoppel theory. The doctrine of judicial estoppel "protects the integrity of the judicial process."[19] "A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court."[20] The Eighth Circuit has routinely applied a three factor test to determine the applicability of judicial estoppel:[21] (1) whether a party's later position is inconsistent with its earlier position; (2) whether the court adopted the debtor's position;[22] and (3) whether the party gained an unfair advantage.[23]

---

[17]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[18]*Anderson*, 477 U.S. at 248.

[19]*Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting *Total Petroleum, Inc. v. Davis*, 822 F.3d 734, 738 n.6 (8th Cir. 1987)).

[20]*Id.*

[21]*Id.*

[22]*Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1019 (E.D. Mo. 2006) ("This occurs, for example, when the bankruptcy court discharges the claims under the belief that no claims exist outside those cited on the schedules.") (citing *Stallings*, 447 F.3d at 1048).

[23]*Stallings*, 447 F.3d at 1047.

In the bankruptcy context, "a debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'"[24] However, "judicial estoppel does not apply when a debtor's 'prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court.'"[25]

Here, the first factor is met because Plaintiff failed to disclose to the bankruptcy court both her administrative EEOC charge and the present lawsuit.[26] By her own admission, Plaintiff concedes that she was aware of these claims at the time she signed her mandatory schedules.[27] The second factor was met when the bankruptcy court adopted Plaintiff's position on her assets and instituted her payment plan.[28] As an example of the third factor, the Eighth Circuit identified a situation that would qualify:

> [A] debtor who files his bankruptcy petition, subsequently receives a right-to-sue letter from the Equal Opportunity Commission (EEOC), and then fails to amend his bankruptcy petition to add his lawsuit against his employer as a potential asset is estopped from bringing the lawsuit because the debtor "knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court."[29]

In response, Plaintiff asserts that her failure to amend her bankruptcy pleadings was nothing more than mere inadvertence. In the affidavit attached to her Brief in Opposition to

---

[24]*Id.* (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)).

[25]*Id.* (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)).

[26]Doc. No. 28 (Exhibits "A, B, C, D").

[27]Doc. No. 31 (Exhibit "A").

[28]Doc. No. 28 (Exhibit "M"); see *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988) (order confirming Chapter 13 plan adopts the debtor's statement that she has no potential causes of action).

[29]*Stallings*, 447 F.3d at 1048 (citing *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003)).

Defendants' Motion for Summary Judgment, Plaintiff stated that her husband handled all the bankruptcy matters, and that she had little contact with the bankruptcy attorney.[30] Plaintiff's affidavit does not state that she or her husband informed their bankruptcy attorney or the bankruptcy court that she had, in fact, filed a discrimination suit against Defendants.[31] Plaintiff attempts to shift the burden of disclosure to her bankruptcy attorney.

"A debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."[32] "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."[33] Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system."[34]

Plaintiff had knowledge of her potential claims, had the burden of disclosure and made no effort to amend her bankruptcy pleadings at any time. Accordingly, I find that Plaintiff withheld knowledge of this action from the bankruptcy court and is estopped from bringing this claim.[35] The merits of Plaintiff's discrimination suit will not be reached.

---

[30]Doc. No. 31 (Exhibit "A").

[31]*Id.*

[32]*Stallings*, 447 F.3d at 1048 (citing *In re Coastal Plains Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)).

[33]*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002).

[34]*Id.* (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362 (3d Cir. 1996)).

[35]See *De Leon v. Comcar Indus.*, 321 F.3d 1280 (11th Cir. 2003) (order dismissing discrimination suit affirmed when plaintiff filed discrimination lawsuit prior to order confirming Chapter 13 plan and failed to amend his petition).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 27) is GRANTED. All other pending motions are DENIED as MOOT.

IT IS SO ORDERED this 24th day of September, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE